THE STATE OF MISSOURI, Defendant in Error, v. DAVID A. JOHNSON, Plaintiff in Error.

**St. Louis Court of Appeals, February 10, 1891.**

**Criminal Law:** DRAMSHOPS: PERMITTING MINORS TO PLAY. Revised Statutes, 1889, section 4588, prohibit a dramshop-keeper from permitting a minor to play at the game of pool in his dramshop without the consent in writing of the minor's father; the verbal consent of the father does not constitute any defense to an information against a dramshop-keeper for the violation of that prohibition.

*Error to the Iron Circuit Court.*—HON. JOHN L. THOMAS, Judge.

AFFIRMED.

*Benton & Edgar*, for plaintiff in error.

*J. S. Jordan*, for defendant in error.

THOMPSON, J.—This was an indictment under section 5454 of the Revised Statutes of 1879, as amended by the act of March 31, 1885 ( R. S. 1889, sec. 4588 ),

The State v. Johnson.

against a dramshop-keeper for permitting a minor to play the game of pool in his dramshop without the written consent of the parent of such minor. The case was, by consent, tried before the court without a jury. At the trial it was admitted that the defendant was a dramshop-keeper ; that the person named in the indictment was a minor, and that he had been permitted by the defendant to play the game of pool in the defendant's dramshop without the *written* consent of his father. But it was also admitted that he had the *verbal* consent of his father that he might so play. Upon this evidence the court adjudged the defendant guilty, sentenced him to pay a fine, and he prosecutes a writ of error to this court. He has assigned no errors in this court, nor has he filed a statement or brief, nor has the prosecuting attorney. We, therefore, proceed, under the mandate of the statute ( R. S. 1889, sec. 4297) to render judgment upon the record before us. Our judgment is that the conviction be affirmed. The statute is very explicit. It requires that " *the written permission* of the parent, master or guardian of such minor" be first had and obtained. The statute cannot be frittered away by substituting a verbal for a written permission. That would lead to endless disputes upon the question, whether the permission of the parent had been given. Criminal statutes are construed strictly in favor of the accused ; but they are nevertheless statutes of public policy, and the courts have no authority to set them aside where their terms are plain and direct. There is no *equity* in such statutes which enables the courts to deal with them in such a sense.

The judgment must be affirmed. It is so ordered. All the judges concur.